# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT LOUIS TUCKER, III,
Plaintiff,

v.  CIVIL ACTION NO. 19-CV-0912

MR. COLEY REYNOLDS,
Defendant.

## MEMORANDUM

**ROBRENO, J.**  MARCH *n*, 2019

*Pro se* Plaintiff Robert Louis Tucker, III, a State prisoner currently incarcerated at SCI Frackville, has filed this civil action pursuant to 42 U.S.C. § 1983 against Coley Reynolds, an attorney. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Motion for Reduction of Copies (ECF No. 3). For the following reasons, the Court will grant Tucker leave to proceed *in forma pauperis*, dismiss his Complaint, and deny as moot his Motion for Reduction of Copies.

## I. FACTS

Tucker states that in March of 2018, he filed his second Post-Conviction Relief Act ("PCRA") in his state criminal proceedings. (Compl. at 7.)[1] Proceedings on his PCRA petition were concluded on June 29, 2018. (*Id.*) However, Tucker alleges that he did not find out that Reynolds had been assigned to represent him until January of 2019. (*Id.*) Tucker suggests that Reynolds violated his Sixth Amendment right to counsel because he "failed in his legal duty to community or inform [him] about [his] case." (*Id.*) According to Tucker, Reynolds had

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

represented him on his first PCRA petition in 2013 and asked to be removed as counsel of record in 2015. (*Id.*) Tucker does not understand why Reynolds was "reassigned to [his] 2nd PCRA." (*Id.*) He argues that he is "currently time barred because of Mr. Reynolds['s] actions." (*Id.* at 9.) He states that he "would like to resubmit [his] issues [presumably referring to resubmitting his PCRA petition], but not under the current trial Judge." (*Id.*) He also seeks damages. (*Id.* at 10.)

## II. STANDARD OF REVIEW

The Court will grant Tucker leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Tucker is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[2] However, as Tucker is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

Tucker cannot maintain his constitutional claims against attorney Reynolds, however, because Reynolds is not a state actor for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Naranjo v. City of Phila.*, 626 F. App'x 353, 356 (3d Cir. 2015) (per curiam) (concluding that post-conviction counsel was not subject to suit pursuant to § 1983); *Clark v. Vernon*, 228 F. App'x 128, 131 (3d Cir. 2007) (per curiam) (same). Thus, the Court must dismiss Tucker's Complaint for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Tucker leave to proceed *in forma pauperis* and dismiss his Complaint. Tucker will not be permitted to file an amended complaint because he cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Tucker's Motion for Reduction of Copies will be denied as moot. An appropriate Order follows.

BY THE COURT:

EDUARDO C. ROBRENO, J.